IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEX D. JUSTICE, SR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 16-783-RGA |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

Alex D. Justice, Sr. *Pro se* Petitioner.

Carolyn Shelley Hake, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 3/, 2018
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Alex D. Justice, Sr. ("Petitioner") is an inmate in custody at the Sussex Correctional Center in Georgetown, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 2) The State filed an Answer in opposition, asserting that the Petition should be dismissed as time-barred or, alternatively because three of the claims lack merit and one fails to assert an issue cognizable on federal habeas review. (D.I. 13) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

Petitioner was indicted on seven counts of second degree rape of a child and one count of second degree unlawful sexual conduct with a child. (D.I. 16-1 at 12-14); *see Justice v. State*, 69 A.3d 371 (Table), 2013 WL 3722357, at *1 (Del. July 11, 2013). On December 13, 2012, a Delaware Superior Court jury convicted Petitioner of one count of second degree rape and one count of unlawful sexual contact. The jury acquitted Petitioner of the remaining charges. *See Justice*, 2013 WL 3722357, at *1. Thereafter, the Superior Court conducted a separate bench trial and found that Petitioner was a sex offender at the time of the offenses. *Id.* at *2. The Superior Court sentenced him on January 25, 2013 as a habitual offender to life in prison. *Id.* Prisoner appealed, and the Delaware Supreme Court affirmed that decision on July 11, 2013. *Id.* at *3.

On June 23, 2014, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on September 22, 2015 (D.I. 16-12 at 8, Entry No. 92), and the Delaware

Supreme Court affirmed that decision on May 2, 2016. *See Justice v. State*, 138 A.3d 476 (Table), 2016 WL 2585918, at *1.

Petitioner filed the instant Petition in September 2016, asserting the following grounds for relief: (1) defense counsel provided ineffective assistance by failing to request specific DNA discovery; (2) defense counsel provided ineffective assistance by failing to advise Petitioner that he could wear "street clothing" during the trial; (3) the Superior Court erred by denying his claim of cumulative due process error; and (4) the Superior Court erred by denying his request for an evidentiary hearing on his Rule 61 motion.

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on July 11, 2013, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on October 10, 2013. Applying the one-year limitations period to that date, Petitioner had until October 10, 2014 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until August 30, 2016,[1] a little more than two years after that deadline. Thus, the Petition is time-

---

[1]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date August 30, 2016, which is the date on Petitioner's certification of mailing. *See Longenette v. Krusing*, 322 F.3d

3

barred and should be dismissed, unless the limitations period can be statutorily or equitably

tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's

limitations period during the time the motion is pending in the state courts, including any post-

conviction appeals, provided that the motion was filed and pending before the expiration of

AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The

limitations period is also tolled for the time during which an appeal from a post-conviction

decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the

limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ

of certiorari in the United States Supreme Court regarding a judgment denying a state post-

conviction motion. *See Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir.

2001).

When Petitioner filed his Rule 61 motion on June 23, 2014, 255 days of AEDPA's

limitations period had already lapsed. The Rule 61 motion tolled the limitations period through

May 2, 2016, the date on which the Delaware Supreme Court affirmed the Superior Court's

denial of the motion. The limitations clock started to run again on May 3, 2016 and ran the

remaining 110 days without interruption until the limitations period expired on August 22,

2016.[2] Thus, even with the statutory tolling resulting from his Rule 61 motion, Petitioner filed

---

758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

[2]The limitations period actually ended on August 21, 2016, which was a Sunday. Therefore, Petitioner had until the end of the day on Monday, August 22, 2016 to timely file his Petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

4

the instant Petition eight days too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court does not discern, that any extraordinary circumstances prevented him from filing his Petition in a timely manner. To the extent Petitioner's late filing was due to a lack of legal knowledge or miscalculation of the one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the Court will dismiss the instant Petition as time-barred.[3]

---

[3]Having determined that the Petition is time-barred, the Court will not address the State's alternate reasons for denying the Petition.

5

### III. PENDING MOTIONS

Petitioner filed two Motions to Appoint Counsel (D.I. 7; D.I. 12) during the pendency of this proceeding. Since the Petition is time-barred, the Court will dismiss the Motions as moot.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

### V. CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred without holding an evidentiary hearing. An appropriate Order will be entered.