IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALEX D. JUSTICE, SR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 16-783-RGA |
| | : | |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### I. INTRODUCTION

Presently pending before the Court is Petitioner Alex D. Justice, Sr.'s Motion for Reconsideration asking the Court to reconsider its February 2018 dismissal of his habeas Petition as time-barred. (D.I. 20) Petitioner asserts that the one-year limitation period should be equitably tolled because the attorney representing him in his Rule 61 proceeding incorrectly advised him about the deadline for filing his federal habeas petition. (D.I. 20 at 2) The State filed an Answer in opposition. (D.I. 21) For the reasons discussed, the Court will deny the Motion for Reconsideration.

### II. BACKGROUND

On December 13, 2012, a Delaware Superior Court jury convicted Petitioner of one count of second degree rape and one count of unlawful sexual contact. *See Justice v. State*, 69 A.3d 371 (Table), 2013 WL 3722357, at *1 (Del. July 11, 2013). Thereafter, the Superior Court conducted a separate bench trial and found that Petitioner was a sex offender at the time of the offenses. *Id.* at *2. On January 25, 2013, the Superior Court sentenced Petitioner as a habitual

offender to life in prison. *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed that decision on July 11, 2013. *Id.* at *3.

On June 23, 2014, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on September 22, 2015 (D.I. 16-12 at 8, Entry No. 92), and the Delaware Supreme Court affirmed that decision on May 2, 2016. *See Justice v. State*, 138 A.3d 476 (Table), 2016 WL 2585918, at *1.

In September 2016, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asserting four grounds for relief: (1) defense counsel provided ineffective assistance by failing to request specific DNA discovery; (2) defense counsel provided ineffective assistance by failing to advise Petitioner that he could wear "street clothing" during the trial; (3) the Superior Court erred by denying his claim of cumulative due process error; and (4) the Superior Court erred by denying his request for an evidentiary hearing on his Rule 61 motion. (D.I. 2) The Court denied the Petition as time-barred on January 31, 2018. (D.I. 18; D.I. 19) Thereafter, on June 18, 2018, Petitioner filed the Motion for Reconsideration presently pending before the Court. (D.I. 20) In his Motion, Petitioner contends that the Court should reconsider its dismissal of his Petition and deem it timely filed, because post-conviction counsel's erroneous advice about the federal habeas filing deadline should trigger the equitable tolling of AEDPA's one-year limitation period.

### III. STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/

2

reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance,"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[1] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b)(6) motion must be filed within a "reasonable time,"[2] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

In contrast, Rule 59(e) is "a device [] used to allege legal error,"[3] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening

---

[1] *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

[2] *See Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

[3] *Fiorelli*, 337 F.3d at 288.

3

change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

Petitioner does not identify the authority under which he filed the instant Motion for Reconsideration. However, since he filed the Motion more than twenty-eight days after the entry

4

of the Court's judgment,[4] the Court will treat the Motion as though filed pursuant to Rule 60(b). The Court further construes the Motion as being filed pursuant to Rule 60(b)(6) – the "catch-all" provision – because Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [than the specific circumstances set out in Rule 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

In his Motion, Petitioner contends that the Court should equitably toll the limitations period because post-conviction counsel incorrectly advised him about the deadline for filing a federal habeas petition. Since Petitioner's Motion challenges the Court's timeliness ruling, the Court will consider the motion to be a true Rule 60(b) motion and not a second or successive habeas petition. *See Gonzalez*, 545 U.S. at 533.

Nevertheless, the Motion fails to warrant relief. According to well-settled Third Circuit precedent, an attorney's mistake in determining the filing date of a habeas petition does not constitute an extraordinary circumstance warranting equitable tolling. *See Johnson v. Hendricks*, 314 F.3d 159, 162-63 (3d Cir. 2002). The Court also notes that Petitioner does not assert an intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reconsideration. Accordingly, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(6).

---

[4]Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court denied Petitioner's Petition on January 31, 2018. (D.I 12; D.I. 13) Petitioner's Motion for Reconsideration is dated June 13, 2018 and postmarked June 15, 2018. Both of these dates fall well outside the twenty-eight day period provided for in Rule 59(e).

5

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motion for Reconsideration. In addition, the Court will not issue a certificate of appealability, because reasonable jurists would not debate whether the Rule 60(b) Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to Petitioner's claims. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Buck v. Davis*, 137 S.Ct. 759, 773, 775 (2017); *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999) (certificate of appealability required to appeal denial of Rule 60(b) motion).

A separate Order will be entered.

Dated: February 26, 2019

_____
UNITED STATES DISTRICT JUDGE